1
2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

3

4
5

ROBERT MORENO-PÉREZ,

6

Plaintiff

7

v.                                                          CIVIL 07-1863 (JA)

8

PEDRO TOLEDO-DÁVILA, et al.,

9

Defendants

10

11

OPINION AND ORDER

12

13
14
15

This matter is before the court on motion for reconsideration filed by

plaintiff, Robert Moreno-Pérez, on January, 20, 2010.  (Docket No. 77.)  The

16

defendants, Pedro Toledo-Dávila, Diana Marrero-Trinidad, Carmen Bruno-Pabón,

17

Luis R. Márquez-Martínez, and José Rivera-Alicea, filed a motion in opposition on

18

January 5, 2010.  (Docket No. 81.)  For the reasons set forth below, plaintiff's

19

motion is GRANTED.

20

21

I.  BACKGROUND

22

On August 11, 2009, plaintiff filed a request for leave to file a third amended

23

complaint to include Diego Santos-Pabón ("Santos") and Edric Medina-Laureano

24
25

("Medina") as defendants in this case.  (Docket No. 43.)  On September 4, 2009,

plaintiff's motion was granted by the court.  (Docket No. 45.)  On September 11,

26

27

2009, plaintiff filed the third amended complaint.  (Docket No. 46.)   On

28

September 15, 2009, plaintiff filed a request for issuance of summons addressed

CIVIL 07-1863 (JA)                                        2

to Santos and Medina.  (Docket No 47.)  On that same day the court granted plaintiff's motion. (Docket No. 48.)  On September 17, 2009,  the summons were issued by the clerk.  (Docket No. 49.)  On December, 15, 2009, plaintiff filed a motion for extension of time until March 5, 2010, to serve the summons.  (Docket No. 50.)  Plaintiff's motion was denied by the court on December 16, 2009. (Docket No. 51.)

On January 15, 2010, the defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 4(m).  (Docket No. 60.)  In their motion, the defendants argued that the summons as to Santos and Medina were not served by plaintiff within 120 days after the third amended complaint was filed.  (Id. at 2, ¶ 3.)  According to the defendants the summons were supposed to have been served by January 9, 2010.  (Id.)  The defendants' motion was denied for lack of standing.   (Docket No. 61.)   Despite of this the court, on its own motion, dismissed without prejudice plaintiff's claims against Santos and Medina.  (Docket No. 62.)

On January 19, 2010, plaintiff filed a motion requesting entry of default against the defendants for failing to answer the third amended complaint. (Docket No. 67.)  Plaintiff also requested the court to reconsider the order dismissing the claims against Santos and Medina.  (Id.)  On that same day, after the defendants filed a motion in opposition, the court issued an order denying

CIVIL 07-1863 (JA)                              3

plaintiff's request for entry of default.  (Docket Nos. 68 & 72.)  However, the court

did not address plaintiff's request for reconsideration.  (Id.)

As a result, on January 20, 2010, plaintiff filed a motion requesting that the

court reconsider its order dismissing the claims against Medina and Santos.

(Docket No. 77.)  In his motion plaintiff makes several arguments to support his

request.   First, plaintiff states that if he had been given notice prior to the

dismissal he could have informed the court that the summons as to Medina and

Santos were served a couple of days after the deadline, on January 12 and 13,

2010.  (Id. at 4.)  Plaintiff claims that the reason why the summons were served

after the deadline was in part due to a delay in the Clerk's Office in issuing the

summons.  (Id.)  Second, he argues that contrary to what the court held in its

order an extension of time to serve the summons was requested.  (Id.)  Plaintiff

states that he also sought leave to serve the summons by publications but that

his request was not addressed by the court.  (Id.)  Third, plaintiff claims that he

made all diligent efforts to complete service within the 120 day period prescribed

by Rule 4(m).  (Id. at 5.)  Fourth, plaintiff sustains that the delay in service does

not prejudice the defendants in any way.  (Id. at 6.)  Finally, plaintiff claims that

justice would be best served if the court allowed a *nunc pro tunc* extension of time

until January 15, 2010, for service of process on Santos and Medina.  (Id.)

CIVIL 07-1863 (JA)                                    4


On February 5, 2010, the defendants filed a motion in opposition requesting the court to deny plaintiff's request for reconsideration.  (Docket No. 81.)  The defendants argue that justice would not be served by allowing an extension of time.  (Id. at 2, ¶ 5.)  According to the defendants, plaintiff has been given multiple opportunities to amend his complaint and correct the deficiencies contained in it.  (Id.)  They also contend that if plaintiff knew that summons were served after the 120 day period, he should have filed the proof of service immediately after they were executed.  (Id. at 3,  ¶ 7.)  Furthermore, the defendants believe that vacating the court's order at this time would mean that discovery in this case would have to be reopened in order for Santos and Medina to properly defend against plaintiff's claims.  (Id. ¶ 8.)  However, the defendants state that in the event that the order is vacated they will ask the court to allow them to file a dispositive motion regarding the claims made by plaintiff against Santos and Medina.  (Id. ¶ 10.)

## II.  STANDARD OF REVIEW

A motion for reconsideration may only be granted by a district court  if the moving party demonstrates that there is:  (1) newly discovered evidence that would change the result, (2) an intervening change in controlling law, or (3) the need to correct a manifest error of law or fact.  Silva Rivera v. State Ins. Fund Corp., 488 F. Supp. 2d 72, 78 (D.P.R. 2007) (citing Dodge v. Susquehanna Univ.,

CIVIL 07-1863 (JA)                                5

796 F. Supp. 829, 830 (M.D. Pa. 1992)); see also Marks 3-Zet-Ernst Marks GmBh

& Co. KG v. Presstek, Inc., 455 F.3d 7, 15 (1st Cir. 2006).  A motion for

reconsideration, however, may not be used "to repeat old arguments previously

considered and rejected, or to raise new legal theories that should have been

raised   earlier."     Sánchez-Rodríguez   v.   Departamento   de   Correción   y

Rehabilitación, 537 F. Supp. 2d 295, 297 (D.P.R. 2008) (quoting Nat'l Metal

Finishing Com. v. Barcalys Am./Commercial, Inc., 899 F.2d 119, 123 (1st Cir.

1990)).

III.  ANALYSIS

Summons

1.  Notice

Plaintiff argues that the court dismissed, on its own motion, without notice,

all of the claims against Santos and Medina.  (Docket No. 77, at 4.)  He states that

if the court had given him notice he would have had time to file the proof of

service.  (Id.)  Rule 4(m) states, in pertinent part, as follows:

> If a defendant is not served within 120 days after the
> complaint is filed, the court--on motion or on its own
> after notice to the plaintiff--must dismiss the action
> without prejudice against that defendant or order that
> service be made within a specified time.  But if the
> plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

CIVIL 07-1863 (JA)                                6

In order to dismiss a complaint *sua sponte,* the rule requires that prior notice of the impending dismissal be awarded by the district court.  Panzardi-Santiago v. Univ. of P.R., 200 F. Supp. 2d 1, 24-25 (D.P.R. 2002); see Ruiz-Varela v. Sánchez-Vélez, 814 F.2d 821, 823 (1st Cir. 1987) (the First Circuit found that the notice requirements were not violated because the district court's order of dismissal itself gave plaintiff notice of the issue as well as the opportunity to argue good cause for the failure of service);  see also Brown v. District of Columbia, 514 F.3d 1279, 1286-87 (D.C. Cir. 2008) (where the district court erred in *sua sponte* dismissing claims against individual defendants for a failure to effect service when the plaintiff had neither actual nor constructive notice of the court's impending action).

However, "[w]hen the plaintiff has had an adequate opportunity to argue good cause for the failure to serve, such as in a motion for reconsideration, some circuits have held that a warning by the trial court prior to dismissal is not required."  Betancourt v. Toledo, 199 F.R.D. 447, 448 (D.P.R. 2001) (quoting Smith-Bey v. Cripe, 852 F.2d 592, 593 (D.C. Cir. 1988) (citing Ruiz-Varela v. Sánchez-Vélez, 814 F. 2d at 823)).  In other words, an order of dismissal in itself can serve as a proper means of notifying a plaintiff of the issue as long as he is given the opportunity to argue good cause for the failure of service.  Betancourt v. Toledo, 199 F.R.D. at 448.

CIVIL 07-1863 (JA)                          7

Although it is correct that no warning was given prior to dismissal it does not mean that plaintiff was prejudiced.  It was plaintiff who had the obligation of informing the court that the summons were served regardless of whether or not notice was given before the impending dismissal.  See Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.").  There is simply no excuse that can justify plaintiff's lack of diligence.  It was not until the court dismissed plaintiff's claims that he informed that the summons had been served.  As the defendants point out, if plaintiff knew that the summons were not served within the time limit, he should have filed a proof of service immediately after they were executed.  (Docket No. 81, at 3, ¶ 7.)

However, the fact that plaintiff did not file a proof of service before the claims were dismissed does not mean that he has failed to provide any reason that would justify the delay in serving the summons.  Although plaintiff filed a motion for entry of default and reconsideration, no ruling was made as to whether there was good cause for justifying the delay in serving the summons.  As such, the court will now address the issue.

2.  Good Cause

"[A] plaintiff may escape dismissal in the face of insufficient service in two circumstances:  [(1)] where there is 'good cause for the failure,' or [(2)] even if there is not good cause shown, where the court in its discretion decides to grant

CIVIL 07-1863 (JA)                              8

the plaintiff more time to effect service." Bunn v. Gleason, 250 F.R.D. 86, 88  (D.

Mass. 2008) (citing Fed. R. Civ. P. 4(m); Advisory Committee's Notes on Fed. R.

Civ. P. 4  ("The [1993 amendment] explicitly provides that the court shall allow

additional time if there is good cause for the plaintiff's failure to effect service in

the prescribed 120 days, and authorizes the court to relieve a plaintiff of the

consequences of an application of this subdivision even if there is no good cause

shown."); Riverdale Mills Corp. v. U.S. Dep't of Transp. Fed. Aviation Admin., 225

F.R.D. 393, 395 (D. Mass. 2005)).

        "'Good cause is likely (but not always) to be found when the plaintiff's failure

to complete service in timely fashion is a result of a third person, typically the

process server, the defendant has evaded service of the process or engaged in

misleading conduct, the plaintiff has acted diligently in trying to effect service or

there are understandable mitigating circumstance[s], or the plaintiff is proceeding

*pro se* or in *forma pauperis*.'"  Bunn v. Gleason, 250 F.R.D. at 89 (quoting McIsaac

v. Ford, 193 F. Supp. 2d 382, 383 (D. Mass. 2002) (quoting 4B Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 1137, at 342  (3d ed.

2002)).

        However, "[i]f good cause is lacking, the determination of whether to extend

the time for service of process is based on a number of factors, including whether:

'(a) the party to be served received actual notice of the lawsuit; (b) the defendant

CIVIL 07-1863 (JA)                          9

would suffer . . . prejudice; and (c) plaintiff would be severely prejudiced if his

complaint were dismissed.'" United States v. Tobins, 483 F. Supp. 2d 68, 79-80

(D. Mass. 2007) (quoting Riverdale Mills Corp v. U.S. Dep't of Transp. Fed.

Aviation Admin., 225 F.R.D. at 395 (quoting In re Sheehan, 253 F.3d 507, 512

(9th Cir. 2001)).

        The court finds that plaintiff has shown good cause for his delay in serving

the summons as to Medina and Santos.  Plaintiff made reasonable efforts to serve

the summons within the time limit noted in Rule 4(m) after the third amended

complaint was filed.  The record shows that plaintiff requested the help  of both

the Department of Justice ("DOJ") and the Puerto Rico Police Department

("PRPD") because he had no knowledge of the last known addresses of Santos and

Medina.  (Docket No. 50.)  However, since neither the DOJ nor the PRPD were

able to help, plaintiff requested an extension of time to serve the summons. (Id.)

Then, after his request was denied by the court, plaintiff hired a private detective

in order to find and serve Medina and Santos. (Docket Nos. 67-2, 67-3 & 77, at

5-6.)  Needless to say, the detective was able to find them and serve process.

(Id.)  Thus, it is clear that plaintiff exercised due diligence in effecting service of

process within the 120 day period.

        Furthermore, there are two mitigating circumstances that justify plaintiff's

delay in serving the summons.  First, plaintiff's motion requesting an extension

CIVIL 07-1863 (JA)                              10

of time to serve the summons was denied because trial was scheduled for

February 1, 2010.  (Docket No. 51.)  However, the trial date was vacated and has

not been rescheduled.  (Docket No. 63.)  Second, as plaintiff points out there was

a delay in the issuance of the summons.  (Docket No. 77, at 4-5.)  The reason for

the delay plaintiff explains was due to a problem with the summons.  (Id.)

According to plaintiff, after filing the third amended complaint along with the

summons on September 11, 2009, he was notified by the clerk's office  that the

form that was used was outdated.  (Id.)  After being informed of the problem,

plaintiff on September 15, 2009, filed a motion for issuance of summons.

(Docket No. 47.)  On that same day, the court entered an order granting plaintiff's

motion for issuance of summons.  (Docket No. 48.)  The new summons were

issued on September 17, 2009.  (Docket No. 49.)  All in all six days transpired

from the moment the plaintiff filed the third amended complaint until the

summons of Santos and Medina were issued.  Plaintiff had until January 8, 2010,

to serve the summons.

        The record shows that the summons were served five days after the

deadline.  (Docket Nos. 67-2 and 67-3.)  Medina was served on January 12, 2010,

while Santos was served on January 13, 2010.  (Id.)  Therefore, this means that

if not for the problems encountered by plaintiff in obtaining the summons they

would have been served within the 120 days.  Hence, plaintiff's claims against

CIVIL 07-1863 (JA)                                11

Medina and Santos probably would not have been dismissed by the court.  Thus, in light of all of these circumstances the court's order dismissing plaintiff's claims must be vacated.  Even though there was a short delay in serving the summons of Medina and Santos, the court finds that all of the defendants were properly served.

The court would have arrived to the same conclusion, by exercising its discretion, even if plaintiff had failed to show good cause for his failure to serve the summons within the time period permitted by Rule 4(m).  The fact that defendants were served expediently gives the court reason to believe that both Medina and Santos were aware of the claims asserted against them.  In other words, Medina and Santos' ability to defend themselves will not be affected or diminished.

Moreover, the defendants have not shown that by vacating the order dismissing plaintiff's claims against Medina and Santos they will be prejudiced. The defendants only argue that vacating the order will entail reopening the discovery in this case.  The defendants' argument, however, is unavailing.  The fact that plaintiff's claims were dismissed without prejudice does not mean that the ideal course of action is to hold a separate trial against Medina and Santos, much less when there was only a short delay in the service process.  To hold otherwise would only result in the waste of judicial resources.

CIVIL 07-1863 (JA)                                    12

IV.  CONCLUSION

For the reasons set forth above, plaintiff's motion is hereby granted. Accordingly, the court's order dismissing plaintiff's claims against Medina and Santos is vacated.

At San Juan, Puerto Rico, this 11th day of March,  2010.

S/ JUSTO ARENAS
Chief United States Magistrate Judge