IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROBERTO MORENO-PÉREZ,

Plaintiff

v.                                                    CIVIL 07-1863 (JA)

PEDRO TOLEDO-DÁVILA, et al.,

Defendants

OPINION AND ORDER

This matter is before me on "Urgent Motion for Continuance of Trial" filed by plaintiff on February 8, 2011. (Docket No. 159.)  The case is set for trial for February 22, 2011.

RECENT PROCEDURAL BACKGROUND

The defendants moved for summary judgment on October 4, 2010.  (Docket No. 117.)  On October 7, 2010, plaintiff moved for remedies under then Rule 56(f), Federal Rules of Civil Procedure.[1]  Included in the remedies requested was

_____

[1]"'Rule 56(f) serves a salutary purpose within the summary judgment framework.  When a party confronted by a motion for summary judgment legitimately needs additional time to marshal the facts necessary to mount an opposition, the rule provides a useful safety valve.'  Rivera-Torres v. Rey-Hernández, 502 F.3d 7, 10 (1st Cir. 2007) (citing Resolution Trust Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994)).  Rule 56(f) 'gives a party with an authentic need the opportunity to buy more time to mount an opposition to summary judgment.'  Guzmán-Ruiz v. Hernández-Colón, 406 F.3d 31, 35 (1st Cir. 2005) (citing Resolution Trust Corp. v. N. Bridge Assocs., Inc., 22 F.3d at 1203)."  Plato Learning, Inc. v. Educ. Dev. Group, Inc., 2009 WL 919678,

CIVIL 07-1863 (JA)                          2

the enforcement of certain subpoenas directed to the custodian of records of the Police of Puerto Rico.  Specifically, the subpoenas had been served upon the Superintendent of the Police of Puerto Rico (Attn:  Auxiliary Superintendency of Professional Responsibility), through the office manager Liliam Santos Francisco and to the Secretary of Justice, Department of Justice, through the attorney Grisel Santiago.  Because of the sensitive nature of the documents sought, an in-camera inspection was eventually scheduled and held.  A confidentiality order issued. (Docket No. 143.)  After an in-camera inspection held on December 7, 2010, I directed production of the subpoenaed documents.  The Rule 56(f) motion was rendered moot.  The defendants were then given 14 days to amend the motion for summary judgment.  The amended motion for summary judgment was filed on December 21, 2010.  (Docket No. 147.)  The motion filed on October 4, 2010 was then withdrawn.  (Docket Nos. 151, 155.)  Plaintiff filed his opposition to the motion for summary judgment on December 30, 2010.  (Docket No. 152.)  The defendants moved for leave to file a reply to plaintiff's opposition on January 5, 2011.  (Docket No. 157.)  Plaintiff objected to the motion on January 11, 2011. (Docket No. 158.)   Then plaintiff filed an emergency motion to continue the trial.

---

at *1 (D.P.R. April 3, 2008).  After the amendments to Rule 56 which became effective December 10, 2010, the substance of Rule 56(f) is now contained in Federal Rule of Civil Procedure 56(d).

CIVIL 07-1863 (JA)                              3

The defendants responded in opposition to that motion on February 8, 2011. (Docket No. 160.)

Plaintiff argues in the motion for continuance, and I agree, that the outcome of the motion for summary judgment could substantially affect the pre-trial preparation in this case, including the amount of witnesses to be called, number of custodial personnel of various documents that may be presented and may also have an effect on any stipulation of facts and documentary evidence.  Plaintiff notes that a production of documents by the defendants held on December 7, 2010 and regarding administrative files contained newly discovered evidence. Plaintiff's attorney also notes the addition of a heavy criminal calendar listing the cases he is currently involved in.  The defendants oppose the motion for continuance, agreeing in part with the argument plaintiff presents to the court. However, the defense notes that the case should not be continued since it is not unusual in this district for motions for summary judgment to be ruled upon with close proximity to the trial date and attorneys are expected to have to adjust accordingly.  Thus it is argued that the mere fact that there has not been a ruling on the motion for summary judgment is not reason enough to continue a trial which has already been continued on previous occasions due to plaintiff's insistence in conducting last minute discovery which cause the previously scheduled trial date to be vacated, I am reminded by the defense that the case

CIVIL 07-1863 (JA)                              4

was filed in 2007 and that a child born on the date of filing would be potty-trained

by now.  The remark is too rich an invitation for comment and will be therefore

by overlooked.  Nevertheless, the motion to reply to the opposition to the motion

for summary judgment is granted.  (Docket No. 157.)

        The motion to continue the trial date is granted.  (Docket No. 159.)  It is

clear that "[t]rial courts enjoy broad discretion when evaluating a motion for

continuance." United States v. De Castro-Font, 583 F. Supp. 2d 243, 244 (D.P.R.

2008) (citing Morris v. Slappy, 461 U.S. 1, 11 (1983); Macaulay v. Anas, 321 F.3d

45, 49 (1st Cir. 2003)); Ramos-Borges v. Puerto Rico, 2010 WL 2044543, at *1

(D.P.R. May 20, 2010).  One factor I look at in weighing such a motion is the

prejudice the granting may cause to the non-moving party, in this case, a party

which prefers to proceed to trial, notwithstanding the pendency of a motion for

summary judgment that may limit the issues, or even parties, to its collective

advantage.  Since the parties consented to my trial jurisdiction, there have been

two trial settings, the first on December 13, 2010, and the second, moving the

trial date forward to December 6, 2010.  Thus there have not been an inordinate

number of continuances and the next setting is expected to be the last unless

there is a conflict with the court's congested criminal trial calendar and plaintiff's

counsel is affected by such congestion. [2]  While plaintiff's counsel may have a

_____

        [2]See United States District Court for the District of Puerto Rico Local Rules
Rule 3A(f)(1): "Order of Precedence.  All actions and proceedings before the Court

CIVIL 07-1863 (JA)                              5

congested criminal calendar, any further continuance may only be had if there is

a conflict with a criminal trial.  The present continuance is granted under the

generous assumption that the newly discovered evidence may have a bearing on

counsel's trial strategy and also because it is my preference to issue a

comprehensive opinion and order, that does not invite a multi-dimensional motion

for reconsideration, while complying with the last sentence of Federal Rule of  Civil

Procedure 56(a).  "The court should state on the record the reasons for granting

or denying the motion [for summary judgment]."

Because this is the oldest of four cases I currently have scheduled for trial

within the next six weeks, I will immediately schedule a trial date, if appropriate,

after issuing the ruling on the motion for summary judgment.

SO ORDERED.

At San Juan, Puerto Rico, this 14th day of February, 2011.

S/ JUSTO ARENAS
Chief United States Magistrate Judge

_____

are subject to the following order of precedence:

(A) trials shall take precedence over all other hearings;
(B) . . .
(C) criminal cases shall take precedence over civil trials[.]